897 F.2d 538
 15 U.S.P.Q.2d 1456
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
IVAC CORPORATION, Plaintiff/Cross-Appellant,
v.
TERUMO CORPORATION, Defendant-Appellant.
 Nos. 89-1143, 89-1441 and 89-1564.
 United States Court of Appeals, Federal Circuit.
 Feb. 1, 1990.
Rehearing Denied Mar. 6, 1990.
Suggestion for Rehearing In Banc Declined May 1, 1990.
 
 Before RICH, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Terumo Corporation appeals from the judgment of the United States District Court for the Southern District of California, Civil No. 87-0413-B(M) (April 10, 1989), holding claims 33 and 34 of U.S. Patent No. 3,702,076 (the '076 patent) and claims 1, 3, 9, 12-13, 17, 22-25 and 28 of U.S. Patent No. 3,877,307 (the '307 patent) infringed by Terumo.[1] Ivac Corporation cross-appeals from the Post-Trial Order of the same court (April 11, 1989) denying its motion for attorneys' fees and expenses for the aspects of the litigation regarding the validity and infringement of its patents. We affirm-in-part, reverse-in-part and remand.
 
 OPINION
 
 2
 A. To prevail in its appeal, Terumo must persuade this court that the district court erred in denying its motion for JNOV with respect to each of the claims the jury found to be infringed by the accused thermometers. To do so, Terumo "must show that the jury's finding of infringement is not supported by substantial evidence or that it was made in relation to a claim interpretation that cannot in law be sustained." Senmed v. Richard-Allen Medical Ind., 888 F.2d 815, 817, 12 USPQ2d 1508, 1510 (Fed.Cir.1989). Terumo has not met this heavy burden.
 
 
 3
 Terumo argues that the denial of its motion for JNOV with respect to claims 1, 3, 12-13, 24-26 and 29 of the '307 patent, all found by the jury to be infringed under the doctrine of equivalents, was erroneous on the basis of an improper jury instruction and a lack of substantial evidence concerning the "way" prong of the doctrine of equivalents three-part test. See Graver Tank & Mfg. Co. v. Linde Air Prods., 339 U.S. 605, 608, 85 USPQ 328, 330 (1950).
 
 
 4
 The district court's jury instruction on the doctrine of equivalents harbors no error. It comports fully with the requirements of the doctrine. Id.; W.L. Gore & Assoc. v. Garlock, 842 F.2d 1275, 1281, 6 USPQ2d 1277, 1282 (Fed.Cir.1988) ("The doctrine requires a showing that the accused process performs substantially the same overall function in substantially the same overall way to obtain substantially the same overall result.").
 
 
 5
 Likewise, we perceive no error in the district court's decision to uphold the jury's finding of equivalence, as that finding is fully supported by Dr. Webster's testimony included in the joint appendix at pages 869-877. Dr. Webster testified that the Terumo thermometer operated in substantially the same way as the claimed device in that, inter alia, it calculates an advanced indication of the actual temperature of the patient by adding an output measurement correction U to the monitored temperature P at the "moment of truth." Dr. Webster's testimony at pages 834 and 862 of the joint appendix adds further support for the jury's finding. With such evidence, we cannot say that a reasonable jury could not have found that the Terumo thermometer infringed claims 1, 3, 12-13, 24-26 and 29 of the '307 patent under the doctrine of equivalents. Orthokinetics v. Safety Travel Chairs, 806 F.2d 1565, 1571, 1 USPQ2d 1081, 1084-85 (Fed.Cir.1986).
 
 
 6
 Since the district court's judgment can be affirmed on the basis of the infringement of these claims, we need not consider the issues raised by Terumo concerning the other claims of the '307 patent or those of the '076 patent.
 
 
 7
 B. With respect to Ivac's cross-appeal, we agree that the district court improperly set aside the jury's verdict of willful infringement. Although the court's instruction on willfulness was not correct, the parties jointly proffered the erroneous instruction and Terumo failed to object to its use before the jury retired. Under such circumstances, Rule 51 of the Federal Rules of Civil Procedure provides that the non-objecting party may not challenge the jury's verdict on the ground that the jury was improperly instructed on this issue. See also Bio-Rad Laboratories, Inc. v. Nicolet Instrument Corp., 739 F.2d 604, 615, 222 USPQ 654, 662 (Fed.Cir.1984). There may be some discretion to waive the requirements of Rule 51 when necessary to correct a fundamental error or to avoid great injustice. Id.; see also Exxon Corp. v. Exxene Corp., 696 F.2d 544, 549-50, 217 USPQ 215, 218 (7th Cir.1982). We conclude in this case, however, that such discretion should not be exercised where the jury verdict was predicated on largely unrebutted evidence of willfulness presented by Ivac.
 
 
 8
 Consequently, the district court's grant of Terumo's motion for JNOV on the issue of willfulness is reversed and the case is remanded for reconsideration of Ivac's motion for damages and attorneys' fees under 35 U.S.C. Secs. 284 and 285.
 
 COSTS
 
 9
 Costs to IVAC.
 
 
 
 [1]
 The district court's holding that these same claims of the '076 and '307 patents were not invalid or unenforceable has not been appealed by Terumo